## STATE OF NORTH DAKOTA, Respondent, v. JAMES G. SPITZER, Appellant.

(215 N. W. 270.)

**Malicious mischief — destruction or injury to property to gain possession of land.**

> A person claiming land or the right to use land in the possession of another, must seek his remedy in law or equity, and must not resort to the destruction or injury of property to regain possession.

Opinion filed September 27, 1927.

Malicious Mischief, 38 C. J. § 14 p. 367 n. 51; § 35 p. 375 n. 93.

Appeal from the District Court, Burleigh County, *Jansonius,* J. Affirmed.

*F. E. McCurdy,* State's Attorney, for respondent.
*Crum & Crum,* for appellant.

BURKE, J. James Spitzer was convicted of the offense of maliciously injuring a standing crop, and appeals.

The defendant has land adjoining the southeast quarter of section 20, township 141, range 76 in Burleigh county, and claims, that one Claude Chappel had rented the above described land a number of years ago, fenced it, and he said, "Chappel turned over his rights to me late in 1924. My right to the land was never questioned by anyone until Mr. Ross came out there about May 28th, 1926, he told me he was going to break the land in question and to get my horses off there.

I told him it was too late, that I had possession of the land and had never been notified, and I told him I had a verbal lease to it, or that I owned the fence, he said I didn't, I told him I didn't know who owned it, and I said I have been trying to find out."

The land was sold for taxes on the 13th day of December, 1921, to the county of Burleigh, and on the 10th day of May, 1926, a tax deed was issued to the county.

On May 22, 1926, A. Ross went to the Harvey Harris Company, a real estate agency in Bismarck to rent the land. The Harvey Harris Company wrote to the owner, and gave to Ross a slip or statement, on the strength of which he went out to the land and broke sixty-five acres which he sowed to flax in the latter part of May or the first of June, 1926. Later Ross learned that the county owned the land, and he procured a lease from the county on the 20th day of July, 1926. After leasing the land to Ross the county sent a man who drove defendant's stock off the land and built a wire fence between the said land and defendant's land. On the 23d day of August, 1926, the defendant opened the fence that was built by the county and turned 65 head of horses in on the flax, and his defence is, that his horses needed the feed and water, and that he never got any notice of the expiration of the period of redemption from the tax sale, he claiming to be in possession of the land. The court allowed him to testify that he had never received any notice of the expiration of the period of redemption, but did not permit him to show that his stock needed the water and feed.

All the specifications of error relate to the sustaining of objections to testimony by which the defendant sought to prove that his horses needed the feed and water, and that the defendant was entitled thereto, by reason of his never having been served with a notice of the expiration of the period of redemption. There is no merit to the contentions of the defendant.

Assuming without deciding that he had legal possession at the time Ross went on the land to break it, he lost possession when the county had his horses driven off the place and a wire fence put up between the two places, all of which was done under color of title and without any objection on the part of the defendant. If the defendant had possession he lost it by the act of the county in taking possession and

leasing the land to Ross. If the defendant still had rights to the land his remedy was by proceeding in court, and not by taking the law into his own hands and tearing down a fence which he knew had been built to keep him out, and injuring a growing crop which he knew belonged to another.

The judgment is affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE and CHRISTIANSON, JJ., concur.